**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000754
22-JAN-2026
07:50 AM
Dkt. 49 SO**

NO. CAAP-24-0000754


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FRIENDS OF MĀHĀʻULEPŪ, a nonprofit corporation, and
SAVE KŌLOA, a nonprofit corporation,
Petitioners/Appellants-Appellants,
v.
KAUAʻI PLANNING COMMISSION, County of Kauaʻi, 5425 PAU A LAKA,
LLC, a limited liability corporation, and MERIDIAN PACIFIC, (fka
Kiahuna Poʻipū Golf Resort, LLC), Respondents/Appellees-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-23-0000146)


<u>SUMMARY DISPOSITION ORDER</u>
(By:  Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Petitioners/Appellants-Appellants Friends of Māhāʻulepū

and Save Kōloa (collectively, **Appellants**) appeal from the

Circuit Court of the Fifth Circuit's[1] (**circuit court**): (1)

October 10, 2024 "Respondent/Appellee[-Appellee] Kauaʻi Planning

Commission, County of Kauaʻi's [(the **Commission**)] Findings of

Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], Decision and Order

_____

[1]     The Honorable Kathleen N.A. Watanabe presided.

Re: Agency Appeal, Filed December 28, 2023" (**Order**), and (2) October 22, 2024 "Final Judgment." The Order and Final Judgment affirmed the Commission's December 22, 2023 "Decision and Order of the [Commission]" (**Commission's Decision and Order**) approving Defendants/Appellees-Appellees 5425 Pau A Laka, LLC and Meridian Pacific's (collectively, **Pau A Laka**) master drainage plan (**MDP**).

Pau A Laka is building a residential resort (the **Development Project**) on land it owns in Kōloa, Kauaʻi. The land once belonged to Kiahuna Poipu Golf Resort LLC. In 2006, the Commission granted Kiahuna Poipu Golf Resort LLC's application for a Class IV Zoning Permit Z-IV-2006-27, Use Permit U-2006-26, and Project Development Use Permit P.D.U.-2006-25 (collectively, the **Permits**). The Permits applied to the land where the Development Project is being constructed, plus adjoining land then owned by Kiahuna Poipu Golf Resort LLC and currently owned by others.

Relevant here, the Permits included Permit Condition 26, which provided that,

> Prior to building permit approval, **[Pau A Laka] shall submit a[n] [MDP]** for all lands mauka of [Poʻipū] Road rezoned under Moana Corporation Ordinance No. PM-31-79 **for [Commission] review and approval**, including [Kāneiʻolouma] Heiau.

(Emphasis added.)

In 2023, Pau A Laka retained Esaki Surveying and Mapping, Inc. to prepare an MDP that would comply with Permit

2

Condition 26.  Pau A Laka submitted the MDP for the Commission's "review and approval."[2]  Appellants filed a petition to intervene (**Petition to Intervene**), in which they sought a contested case on the matter of the MDP's compliance with Permit Condition 26.  Appellants alternatively requested that the Commission deny Pau A Laka's request for approval of its MDP.  At its December 12, 2023 meeting, the Commission heard testimony from the public and parties, and reviewed Appellants' Petition to Intervene and the opposing papers, the Planning Department Director's report, and the recommendation and comments from DPW.  The Commission denied Appellants' Petition to Intervene, and found the MDP satisfied Permit Condition 26.

Appellants appealed the Commission's Decision and Order to the circuit court.  The circuit court affirmed.

Appellants raise the following points of error on secondary appeal, contending that the circuit court erred in affirming the Commission's Decision and Order because: (1) Appellants were entitled to a contested case on the "review and approval" of the MDP; (2) Appellants had standing to intervene as to the Commission's "review and approval" of the MDP; and (3) the requirements of Permit Condition 26 were not met.

---

[2]    Prior to the submission of the MDP to the Commission, Pau A Laka submitted a draft MDP to the Kauaʻi County Department of Public Works (**DPW**). The draft MDP was revised several times in response to comments by DPW.

We review secondary appeals de novo, and apply the standards set forth in Hawaii Revised Statutes (**HRS**) § 91-14(g) (Supp. 2016)[3] to determine whether the circuit court's determinations were right or wrong. <u>Flores v. Bd. of Land & Nat. Res.</u>, 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018). Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows.

(1) Appellants contend that they were entitled to a contested case because the Commission's review and approval of the MDP implicated their asserted constitutional rights to a

---

[3] HRS § 91-14(g) provides, in relevant part:

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

clean and healthful environment, and to engage in traditional and customary Native Hawaiian practices.[4]  In their Petition to Intervene, Appellants assert their right to "utilize areas within, adjacent, and near to the subject property" for the exercise of traditional and customary practices, the "protection of endangered species endemic to the South Shore of Kaua‘i," and "support[] and protect[] historic and culturally significant sites, including Kānei[‘]olouma [Heiau]."  Appellants contend that their "cultural practices could be adversely impacted by improper drainage precautions and other uses of the property," and "[f]urther blasting on the property, including to create detention or retention basins, may further impair underground hydrogeological flows to Kānei[‘]olouma."

A contested case is statutorily defined as "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing."  HRS § 91-1 (Supp. 2017).  "A contested case hearing is required by law when it is required by: (1) statute; (2) administrative rule; or (3) constitutional

---

[4]     Haw. Const. art. XI, § 9 ("Each person has the right to a clean and healthful environment, as defined by laws relating to environmental quality, including control of pollution and conservation, protection and enhancement of natural resources."); Haw. Const. art. XII, § 7; Kia‘i Wai o Wai‘ale‘ale v. Bd. of Land & Nat. Res., 157 Hawai‘i 303, 323, 576 P.3d 816, 836 (2025) ("[T]he right to exercise native Hawaiian customs and traditions under article XII, section 7 [is] a property interest for which due process protections applie[s].") (citations omitted).

due process."  Flores, 143 Hawaiʻi at 124, 424 P.3d at 479

(citation omitted).  "If a party demonstrates a constitutionally

protected property interest affected by a government agency's

decision, that party has a due process right to notice and an

opportunity to be heard at a meaningful time and in a meaningful

manner."  Sierra Club v. Bd. of Land & Nat. Res., 156 Hawaiʻi

382, 394-95, 575 P.3d 472, 484-85 (2025) (citation omitted).

In determining whether a constitutional due process

right exists,

> First, **this court considers whether the particular interest which claimant seeks to protect by a hearing is "property"** within the meaning of the due process clauses of the federal and state constitutions.  Second, **if this court concludes that the interest is "property," this court analyzes what specific procedures are required to protect it.**

Flores, 143 Hawaiʻi at 125, 424 P.3d at 480 (emphasis added)

(cleaned up).

With regard to the second step of the above test,

> [D]etermination of the specific procedures required to satisfy due process requires an additional balancing of three factors: (1) the **private interest** which will be affected; (2) the **risk of an erroneous deprivation of such interest through the procedures actually used,** and the probable value, if any, of additional or alternative procedural safeguards; and (3) the **governmental interest, including the burden that additional procedural safeguards would entail.**

Kiaʻi Wai o Waiʻaleʻale, 157 Hawaiʻi at 322, 576 P.3d at 835

(emphasis added) (cleaned up).

Our review of Appellants' contention is informed by

what the MDP is.  The MDP is a compilation of drainage

information for, as Permit Condition 26 specifies, "all lands mauka of [Poʻipū] Road rezoned under Moana Corporation Ordinance No. PM-31-79." These lands include the Development Project and six other projects to which Pau A Laka asserts no ownership and/or development interest. For these developments, the MDP sets forth the following information: location, project description, zoning, project status, engineer, runoff, and detention/retention basins.

The MDP evaluates the impact of "existing drainage conditions" and "the existing and proposed drainage facilities" for all the land included in Moana Corporation Ordinance No. PM-31-79, explaining that, "[t]he existing and proposed detention/retention features are built and designed to detain proposed development runoff to the existing and pre-development flow rates for both a 2-year, 24-hour storm event and a 100-year, 24-hour storm event." Consequently, "there would be no adverse impact to . . . Kānei[ʻ]olouma Heiau, which is contained outside of the Petition area."

The MDP also "summarizes the mitigative measures already completed or measures that should be implemented to comply with the County of Kauaʻi Storm Water Runoff System Manual." The MDP observes that the "flooding problem [within Kāneiʻolouma Heiau]" is likely caused by the drainage of water from the mauka subdivision -- i.e., Weliweli Houselots

subdivision, a development that is not owned by Pau A Laka. The MDP suggests that "[o]ne option to mitigate runoff from Weliweli Houselots subdivision is to expand the detention basin(s) that would need to be constructed as part of development on [Tax Map Key] (4) 2-8-14: 19." In presenting that option, the MDP clarifies that, "the final design of the detention basin is subject to County review and approval before any development in this area can commence."

The MDP's treatment of potential mitigation measures illustrates what the MDP is *not*. The MDP is not a permit application, nor does it seek approval for Pau A Laka to take any action related to drainage. Simply put, the MDP does not change the status quo. The MDP integrated, within a single document, the existing drainage for all land subject to Moana Corporation Ordinance No. PM-31-79, including Pau A Laka's Development Project. As such, the Commission's review and approval of the MDP did not affect the "legal rights, duties, or privileges" asserted by the Appellants.

(2) Appellants contend that they have standing to intervene as to the Commission's "review and approval" of Pau A Laka's MDP. They assert standing to intervene based on alleged injuries caused by Pau A Laka's alleged environmental harm and interference with their right to engage in Native Hawaiian

8

traditional and customary practices. As the Hawai'i Supreme Court has noted,

> Establishing that a contested case took place does not end the inquiry into justiciability. [Plaintiff] must also show that it is entitled to request a review of the agency determination. **In order to establish standing, a plaintiff must have suffered an actual or threatened injury;** the **injury must be fairly traceable to the defendant's actions;** and **a favorable decision would likely provide relief for the plaintiff's injury.** Environmental plaintiffs must meet this three-part standing test but need not assert an injury that is different in kind from an injury to the public generally.

In re Maui Elec. Co., 141 Hawai'i 249, 270, 408 P.3d 1, 22 (2017) (emphasis added) (cleaned up).

Appellants have not demonstrated that they suffered an "actual or threatened injury" that is "fairly traceable" to the Commission's review and approval of the MDP, such that "a favorable decision would likely provide relief for [Appellants'] injury." As we concluded in section (1), supra, the constitutional rights that Appellants assert were not implicated by the Commission's review and approval of the MDP. We therefore conclude that the Commission was not wrong in determining that Appellants lacked standing to intervene.

(3) Appellants contend that the circuit court erred in affirming the Commission's Decision and Order on the merits -- i.e., the Commission's approval of the MDP as compliant with Permit Condition 26, and its dismissal on mootness grounds of the contested case on Pau A Laka's request to modify Permit Condition 26.

In section (1), supra, we concluded that the Appellants were not entitled to a contested case over the Commission's review and approval of the MDP. We therefore conclude that the circuit court lacked jurisdiction over Appellants' HRS § 91-14 appeal of the Commission's Decision and Order because there was no decision and order in a contested case, or what should have been a contested case, from which to appeal. See Sierra Club, 156 Hawaiʻi at 398, 575 P.3d at 488; see also Pub. Access Shoreline Haw. v. Haw. Cnty. Plan. Comm'n, 79 Hawaiʻi 425, 431, 903 P.2d 1246, 1252 (1995) (to meet the requirements of HRS § 91-14, "the proceeding that resulted in the unfavorable agency action must have been a 'contested case' hearing") (citation omitted).

For the foregoing reasons, we vacate the circuit court's Order and Final Judgment, and remand with instructions for the circuit court to dismiss Appellants' appeal for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, January 22, 2026.

On the briefs:

Bianca K. Isaki,
Ryan D. Hurley,
Lance D. Collins,
for Petitioners/Appellants-
Appellants.

Chris Donahoe,
for Respondent/Appellee-
Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge